IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,
*ex rel* HULDA PAIGE ORGNON and
DR. GLEN L. MOORE

and,

COMMONWEALTH OF VIRGINIA,
*ex rel* HULDA PAIGE ORGNON and
DR. GLEN L. MOORE,

        Plaintiffs,                             Civil Case No. 3:13-cv-144-JAG

v.

DR. EUGENE CHANG, et al.,

        Defendants.

## OPINION

Relator-plaintiffs Hulda Paige Orgnon and Dr. Glen L. Moore (together "the relators"), on behalf of the United States of America and the Commonwealth of Virginia, allege that the defendants, Delta Oncology Associates ("Delta"), Dr. Eugene Chang ("Chang"), and seven entities affiliated with Bon Secours Health Systems ("Bon Secours") submitted fraudulent medical claims to federal and state agencies.[1] The relators filed this action alleging two counts: (1) a violation of the federal False Claims Act ("FCA"); and (2) a violation of Virginia's Fraud Against Taxpayers Act ("VFATA").[2] Specifically, they allege that the defendants submitted

---

[1] The False Claims Act allows private citizens to bring actions on behalf of the government, where the government was allegedly defrauded.

[2] The FCA and the VFATA contain very similar provisions, so the Court will apply the same standard for both of the relators' claims. *United States v. Riverside Healthcare Ass'n*, No. 4:11cv109, 2015 U.S. Dist. LEXIS 37134, at *28 n.5 (E.D. Va. Mar. 23, 2015). *Compare* 31 U.S.C. § 3729(a), *with* Va. Code Ann. § 8.01-216.3(A).

claims to federal and state agencies for unnecessary breast exams, which the agencies paid because Chang falsely indicated the patients' presenting problems. The defendants seek to dismiss the relators' action for failure to state a claim because the relators have not pleaded their allegations as specifically as necessary under the FCA. The Court denies Chang's and Bon Secours's motions to dismiss, but grants Delta's motion to dismiss and dismisses the relators' claims against Delta.

## I. BACKGROUND

### *A. The Parties*

Orgnon, an experienced medical coder, worked for Maryview Hospital ("MH") from November 2007 to September 2012, and began working for Tidewater Surgical Specialists ("TSS") in November 2007. Orgnon supervised the billing of services for physicians for both companies. Dr. Moore, a licensed physician, worked for MH and TSS from November 2007 to October 2012, practicing, in part, as a breast surgeon at TSS.

The relators name nine defendants in this suit. The relators refer to eight of these defendants jointly as the "Bon Secours Defendants."[3] Based on the defendants' affiliation and common ownership, the relators believe that the "Bon Secours Defendants" conduct such closely related business operations to justify referring to them collectively in their amended complaint. Bon Secours includes seven affiliated health care providers: Bon Secours Health Systems, Inc.; Bon Secours Virginia Health Systems, Inc.; Bon Secours Virginia Medical Group I, LLC; Bon Secours Virginia Medical Group II, LLC; Bon Secours Hampton Roads Health Systems, Inc.; MH; and TSS.

---

[3] In their amended complaint, the relators classify Chang as one of the "Bon Secours Defendants," likely because the relators intend to attribute Chang's actions to the Bon Secours Defendants. Even so, this Opinion will refer to Chang and Bon Secours as separate defendants.

Delta operates in Hampton Roads as a for-profit surgical oncology practice incorporated under Virginia law. Defendant Chang specializes in surgical oncology, including breast and general surgeries, and performs breast exams. Chang worked for Delta from 2003 until May 2010, and in June 2010 began his employment with Bon Secours.

### B. Facts

The relators allege that Chang, during his employment with Bon Secours, engaged in a scheme of fraudulently charging for medically unnecessary breast exams. Chang charged a majority of his patients for single breast exams, which federal and state agencies will only reimburse for if the patient has a presenting problem or complaint (such as a lump) justifying the service. As indicated by Chang's office notes, Chang knew that no such problems existed for certain patients, but he allegedly documented presenting problems on those patients' billings slips anyway. As alleged in the amended complaint, Chang used these false billing codes solely to obtain reimbursement from government agencies. The relators include numerous examples of the falsely coded billings slips and subsequently submitted claims. (Am. Compl., ¶¶ 28-29.)

In August 2011, the relators discovered Chang's scheme and filed complaints with Bon Secours. Bon Secours subsequently held many meetings with Chang and audited Chang's billing practices, which confirmed the improper coding. Orgnon attended one of the meetings, at which Chang allegedly admitted that he had used the same billing practices while employed by Delta. Orgnon also claims that at another meeting, Chang inquired about "blanket diagnoses that he could use on all of these claims to get them paid[,] like fibrocystic mastopathy." (Am. Compl., ¶ 35 (internal quotation marks omitted).) This statement allegedly indicated Chang's intention to continue manipulating Bon Secours's billing system. Between September 2011 and February

2012, Chang allegedly recorded false diagnoses of fibrocystic mastopathy ("FM") for some patients in order to continue his fraudulent practices.

The relators claim that Chang perpetrated his scheme while employed by Delta as well. The relators rely most firmly on Chang's admission that he used the same billing practices at Delta that he used at Bon Secours. They also point to the fact that some of Chang's patients received treatment from him at both Delta and Bon Secours. The relators argue that because Chang's practices were the same at Delta, Delta must have filed false claims for these patients. Chang might have engaged in this scheme during all seven years of his employment by Delta, so, according to the relators, Delta must have or should have known about it at some point during Chang's lengthy employment.

## II. DISCUSSION[4]

In order to survive a Rule 12(b)(6) motion, a claim under the FCA, an anti-fraud statute, must be pleaded with specificity in accordance with Rule 9(b) of the Federal Rules of Civil Procedure. The FCA includes four elements, all of which the relators must sufficiently plead for each defendant to properly state a claim. 31 U.S.C. § 3729(a)(1); *see Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 788 (4th Cir. 1999). The relators must show that: "(1) [] there was a false statement or fraudulent course of conduct; (2) made or carried out with the requisite scienter; (3) that was material; and (4) that caused the government to pay out money."

---

[4] A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint; it does not resolve contested facts in the case or the factual basis of a claim or defense. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *Warner v. Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 254–55 (W.D. Va. 2001). The plaintiff's allegations, however, must consist of sufficient factual matter that, accepted as true, "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility standard requires the plaintiff to demonstrate more than "a sheer possibility that a defendant has acted unlawfully." *Id.*

*Harrison*, 176 F.3d at 788. Rule 9(b), as applied to the FCA, requires the relators to plead each element "with particularity," with the exception of the scienter element, which the relators may "allege[] generally." Fed. R. Civ. P. 9(b). Under the Fourth Circuit's standards, to plead with "particularity," one must plead the "time, place, and contents of the false representation, as well as the identity of the person [or entity] making the misrepresentation and what [it] obtained thereby." *Harrison*, 176 F.3d at 784.

### A. Delta's Motion to Dismiss

The Court grants Delta's motion to dismiss because the relators failed to plead facts sufficient to show that Delta knew or should have known that Chang used fraudulent billing practices while employed at Delta.

Courts have been careful not to use the FCA to "punish honest mistakes or incorrect claims submitted through mere negligence." *United States ex rel. Hochman v. Nackman*, 145 F. 3d 1069, 1073 (9th Cir. 1998); *see also United States v. S. Md. Home Health Servs.*, 95 F. Supp. 2d 465, 467 (D. Md. 2000) ("The FCA explicitly requires a degree of scienter beyond mere negligence to trigger liability.") (emphasis omitted). Rather, Delta must have acted with knowledge in order to meet the FCA's scienter requirement. 31 U.S.C. § 3729(b). A person acts with knowledge when he "[] has actual knowledge of the information; [] acts in deliberate ignorance of the truth or falsity of the information; or [] acts in reckless disregard of the truth or falsity of the information." *Id.* The relators have not provided any facts that show that Delta had actual knowledge of Chang's allegedly false billing practices. Chang worked at Delta *before* he worked at Bon Secours, so the investigation conducted at Bon Secours would not have put Delta on notice of Chang's alleged actions.

5

The relators argue either that Delta acted with deliberate ignorance or reckless disregard for the truth or falsity of the information. Courts have frequently equated "reckless disregard" with gross negligence. *United States ex rel. Davis v. Prince*, No. 1:08cv1244, 2011 U.S. Dist. LEXIS 77152, *13-14 (E.D. VA. 2011) ("[O]ther circuits . . . generally agree that 'reckless disregard' means an 'aggravated form of gross negligence.'") (citations omitted); *United States v. Krizek*, 111 F.3d 934, 942 (D.C. Cir. 1997) ("In failing 'utterly' to review the false submissions, [the defendant] acted with reckless disregard."). The relators allege that Delta had a duty to "monitor and investigate the services it provided and billing for" those services, so they had a responsibility to find out about Chang's allegedly fraudulent billing. (Am. Compl., at ¶ 40.) Although Chang's allegedly fraudulent scheme went uncorrected by Delta during Chang's seven-year employment, the relators have not shown that the lack of oversight constituted anything more than mere negligence. Consequently, the relators have not properly pleaded facts sufficient to show that Delta had a reckless disregard of Chang's alleged billing practices.

Neither the Supreme Court nor the Fourth Circuit has defined deliberate ignorance in the context of the FCA, but the Eastern District of Virginia has compared the term to the Supreme Court's definition of "willful blindness." *United States ex rel. Davis*, 2011 U.S. Dist. LEXIS 77152, at *12-13. "[T]he doctrine of 'willful blindness' has two basic requirements: '(1) the defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact.'" *Id.* (quoting *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2070 (2011)). The relators do not state any facts to show that Delta believed that there was a high probability that Chang submitted fraudulent billing slips. They also do not allege any facts that show that Delta avoided learning about Chang's alleged actions. Because the relators have failed to plead reckless disregard or

deliberate ignorance in the alternative, their claim does not satisfy the FCA's scienter requirement. Consequently, the Court grants Delta's motion to dismiss. Having given the relators one opportunity to cure these precise defects in their complaint, the Court finds that a second amended complaint would be futile, and denies relators request for leave to amend.

### B. Bon Secours's Motion to Dismiss

The relators allege all elements of the FCA with particularity for their claim against Bon Secours. The relators state with particularity the facts of the fraudulent conduct allegedly committed by Bon Secours in conjunction with Chang, and they sufficiently establish that Bon Secours submitted the fraudulent claims. *See* 31 U.S.C. § 3729(a)(1); Fed. R. Civ. P. 9(b); *Harrison*, 176 F.3d at 784. The relators also generally allege that Bon Secours had actual knowledge of Chang's continued fraudulent conduct after the August 2011 investigation or should have known about the fraud before the investigation. The relators, therefore, have sufficiently pleaded that Bon Secours acted with deliberate ignorance or in reckless disregard.

Although the relators do not explicitly explain the materiality of the fraudulent conduct, the facts pleaded in the amended complaint illustrate that the conduct materially contributed to the government's decision to reimburse the fraudulent claims. *Harrison*, 176 F.3d at 785; *see United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 378 (4th Cir. 2008); *United States ex rel. Martinez v. Virginia Urology Ctr., P.C.*, No. 3:09cv442, 2010 U.S. Dist. LEXIS 77078, at *11 (E.D. Va. 2010). The representative examples that the relators include in their amended complaint connect the fraudulent conduct to the false claims submitted by Bon Secours, satisfying the FCA's fourth element. *United States ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 456 (4th Cir. 2013); *United States ex rel. Martinez*, 2010 U.S. Dist. LEXIS 77078, at *12-13. Having satisfied the pleading requirement for all four elements of the

FCA, the relators' have pleaded sufficient facts to withstand Bon Secours's motion to dismiss, so the Court denies Bon Secours's motion to dismiss.

### C. Chang's Motion to Dismiss

The relators also satisfy all elements of the FCA for their claim against Chang. The relators allege the details of Chang's fraudulent billing scheme with particularity and generally allege that Chang had actual knowledge of his own fraudulent conduct. *See* 31 U.S.C. § 3729(a)(1); *Harrison*, 176 F.3d at 784; Fed. R. Civ. P. 9(b). The relators satisfy the materiality element in the same way as in their claim against Bon Secours. *See Harrison*, 176 F.3d at 785; *United States ex rel. Wilson*, 525 F.3d at 378; *United States ex rel. Martinez*, 2010 U.S. Dist. LEXIS 77078, at *11. The relators also include representative examples of Chang's falsely-coded billing slips, which Bon Secours submitted to government agencies for reimbursement. *United States ex rel. Nathan*, 707 F.3d at 456; *United States ex rel. Martinez*, 2010 U.S. Dist. LEXIS 77078, at *12-13. Because the relators have sufficiently pleaded all four elements of the FCA as they apply to Chang, the Court denies Chang's motion to dismiss.

### III. CONCLUSION

For the reasons stated above, the Court GRANTS Delta's Motion to Dismiss the relators' claims against it and DISMISSES the claims WITH PREJUDICE. The Court DENIES Bon Secours's and Chang's motions to dismiss.

The Court will enter an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record.

/s/ 
John A. Gibney, Jr.
United States District Judge

Date: February 19, 2016
Richmond, VA

8